IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ERIC LARSON SAMPSON,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DENYING MOTION FOR COMPASSIONATE RELEASE**<br><br>Case No. 2:18-cr-00019-DN<br><br>District Judge David Nuffer<br>Magistrate Judge Paul Kohler |

Defendant Eric Larson Sampson filed a motion seeking compassionate release or home confinement ("Motion").[1] The government did not file a response to the Motion. The United States Probation Office opposes the Motion.[2] Because Mr. Sampson fails to demonstrate extraordinary and compelling reasons to justify compassionate release, and jurisdiction is lacking over his request for home confinement, the Motion[3] is DENIED.[4]

## DISCUSSION

### Mr. Sampson's Motion is procedurally proper

"The First Step Act . . . modified 18 U.S.C. § 3582(c) to allow a defendant federal prisoner to file [a] motion [for compassionate release or a sentence modification] with the court him or herself."[5] However, to file such a motion, a defendant must have "fully exhausted all

---

[1] Motion for Compassionate Release or Home Confinement ("Motion"), docket no. 56, filed Nov. 9, 2020.

[2] First Step Act Relief Recommendation ("Recommendation"), docket no. 58-8, filed under seal Nov. 13,2020.

[3] Docket no. 56, filed Nov. 9, 2020.

[4] Mr. Sampson did not file a reply brief in support of his Motion. Neither the lack of a response from the government nor the filing of a reply brief from Mr. Sampson would have altered the determination on Mr. Sampson's Motion.

[5] *United States v. Williams*, No. 2:17-cr-00417-DAK, 2020 WL 806026, *1 (D. Utah Feb. 18, 2020) (citing 18 U.S.C. § 3582(c)(1)(A); *United States v. Willis*, 382 F.Supp.3d 1185, 1187 (D. N.M. 2019)).

administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier."[6] If one of these requirements is satisfied, "a court may reduce a defendant's sentence if it finds that 'extraordinary and compelling reasons warrant such a reduction,' and that such reasons 'could not reasonably have been foreseen by the court at the time of sentencing.'"[7] In making this determination, the court must also consider the factors set forth in 18 U.S.C. § 3553(a) to the extent they are applicable.[8]

Mr. Sampson is currently in community custody at the GEO Care facility in Salt Lake City, Utah.[9] This is a private facility run by a contractor of the Bureau of Prisons. Because Mr. Sampson "is not in federal custody, he is unable to apply for compassionate release through the [Bureau of Prison]'s normal administrative process."[10] Under these circumstances, Mr. Sampson "has satisfied § 3582(c)(1)(A)'s exhaustion requirement and is eligible to apply for relief in this [court]."[11] Therefore, it is proper to consider the merits of Mr. Sampson's Motion.

### Mr. Sampson fails to demonstrate extraordinary and compelling reasons to justify compassionate release

Mr. Sampson argues that because he has contracted COVID-19 while in custody, extraordinary and compelling reasons exist to warrant compassionate release.[12] Mr. Sampson is

---

[6] 18 U.S.C. § 3582(c)(1)(A) (emphasis added).

[7] *Williams*, 2020 WL 806026, *1 (quoting 18 U.S.C. § 3582(c)(1)(A)(i); 28 C.F.R. § 571.60).

[8] 18 U.S.C. § 3582(c)(1).

[9] Motion at 1, Recommendation.

[10] *United States v. Lopez*, no. 18-CR-2846 MV, 2020 WL 2489746, *3 (D. N.M. May 14, 2020).

[11] *Id*.

[12] Motion at 1.

47 years old;[13] has served approximately 15 months of his 36-month prison sentence;[14] and has contracted COVID-19 while in custody.[15]

The phrase "extraordinary and compelling reasons" is not defined in the statute. However, the United States Sentencing Commission has defined the phrase "to include serious medical conditions and the age of the defendant."[16] Specifically, "extraordinary and compelling reasons" exist for medical conditions when:

> (i) the defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

> (ii) the defendant is (a) suffering from a serious physical or medical condition, (b) suffering from a serious functional or cognitive impairment, or (c) experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.[17]

"Extraordinary and compelling reasons" exist for a defendant's age when the defendant:

> (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.[18]

---

[13] Recommendation.

[14] Judgment in a Criminal Case ("Judgment") at 2, docket no. 41, filed Sept. 5, 2019; Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 40, filed Sept. 5, 2019 ("Defendant to self-surrender to designated BOP facility by 2:00 p.m., Friday, October 15, 2019.").

[15] Motion at 1; Recommendation.

[16] *Williams*, 2020 WL 806026, *1 (quoting *United States v. Gutierrez*, No. CR 05-0217 RB, 2019 WL 2422601, *2 (D. N.M. June 10, 2019)).

[17] U.S.S.G. 1B1.13 at Commentary Application Notes 1(A).

[18] *Id*. at Commentary Application Notes 1(B).

"Extraordinary and compelling reasons" also include circumstances where "there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with," the defendant's medical conditions and age.[19]

Mr. Sampson fails to demonstrate that his medical condition constitutes an extraordinary and compelling reason to warrant relief. He contracted COVID-19 while in custody.[20] But Mr. Sampson provides no evidence or argument regarding his likelihood of recovery; that he suffers from any other medical conditions that have the potential to create serious complications resulting from his COVID-19 diagnosis; or that he is unable to provide self-care. And Mr. Sampson does not assert that he is unable to receive adequate medical attention and medication while in custody. On this record, Mr. Sampson fails to demonstrate that his circumstances rise to the level of a serious physical or medical condition; that he is suffering from a serious functional impairment; or that he has deteriorating physical health that substantially diminishes his ability to provide self-care while in custody.

Mr. Sampson also fails to meet the age-based factors for extraordinary and compelling reasons to warrant relief. He is 47 years old.[21] He has not demonstrated that his medical conditions rise to the level of serious deterioration in physical health because of the aging process. And he has not served at least 10 years or 75 percent of his prison term. He has served approximately 15 months of his 36-month prison sentence.[22]

---

[19] *Id*. at Commentary Application Notes 1(D). Certain family circumstances may also constitute "extraordinary and compelling reasons" to warrant relief. *Id*. at Commentary Application Notes 1(C). But such family circumstances are not applicable in this case.

[20] Motion at 1; Recommendation.

[21] Recommendation.

[22] Judgment at 2; Minute Entry for Proceedings Held Before Judge David Nuffer, docket no. 40, filed Sept. 5, 2019 ("Defendant to self-surrender to designated BOP facility by 2:00 p.m., Friday, October 15, 2019.").

Additionally, the combination of Mr. Sampson's medical condition and age, and the current COVID-19 pandemic do not constitute extraordinary and compelling reasons to warrant relief. Mr. Sampson does not assert that he has other medical conditions that put him in the high-risk category for serious complications resulting from his COVID-19 diagnosis. Additionally, nearly two months have passed since Mr. Sampson tested positive for COVID-19,[23] and it is reasonable to assume that he has now recovered. And Mr. Sampson has not shown that he is any more likely to contract COVID-19 again while in custody than if released. On this record, Mr. Sampson fails to demonstrate that the combination of his medical condition and age, and the current COVID-19 pandemic constitute extraordinary and compelling reasons to warrant relief.

Finally, the relevant factors set forth in 18 U.S.C. § 3553(a) do not support granting Mr. Sampson compassionate release. Mr. Sampson was convicted of one count of Securities Fraud, in violation of 15 U.S.C. §§ 78j(b), 78ff, and 17 C.F.R. § 240.10b-5.[24] The offense conduct resulted in a restitution amount of over $3,000,000.[25] Mr. Sampson's guideline range of imprisonment was 78 to 97 months.[26] He was sentenced to a prison term of 36 months,[27] which was 42 months below the low end of his guideline range.[28] The serious nature and circumstances of Mr. Sampson's offense, the appropriateness of his 36-month sentence, and the need to protect the public from further crimes weigh heavily against granting relief to Mr. Sampson.

Therefore, Mr. Sampson has failed to demonstrate that his circumstances constitute extraordinary and compelling reasons to justify compassionate release.

---

[23] Recommendation.

[24] Judgment at 1.

[25] Id. at 6.

[26] Presentence Investigation Report ¶ 98 at 17, docket no. 58-1, filed under seal Nov. 13, 2020.

[27] Judgment at 2.

[28] Presentence Investigation Report ¶ 98 at 17.

**Jurisdiction is lacking over Mr. Sampson's request for home confinement**

Mr. Sampson alternatively requests that he be permitted to serve the remainder of his sentence in home confinement.[29] However, the authority to designate the place of an inmate's incarceration rests with the Bureau of Prisons, not the sentencing court.[30] "The Bureau of Prisons is given this responsibility because the executive branch and not the judicial branch is responsible for administering sentences."[31] And "[n]otwithstanding any other provision of law, a designation of a place of incarceration [by the Bureau of Prisons] is not reviewable by any court."[32] Therefore, jurisdiction is lacking over Mr. Sampson's request for home confinement.

## ORDER

IT IS HEREBY ORDERED that Mr. Sampson's Motion[33] is DENIED without prejudice.

Signed January 4, 2021.

BY THE COURT

David Nuffer
United States District Judge

---

[29] Motion at 1.

[30] 18 U.S.C. § 3621(b); *United States v. Miller*, 594 F.3d 1240, 1242 (10th Cir. 2010).

[31] *United States v. Voda*, 994 F.2d 149, 151-152 (5th Cir. 1993) (internal citations omitted).

[32] 18 U.S.C. § 3621(b).

[33] Docket no. 56, filed Nov. 9, 2020.